UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D-Q UNIVERSITY BOARD OF TRUSTEES,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL A. WILLIAMS, et al.,<br><br>Defendants. | No. 2:19-cv-2177-JAM-EFB PS<br><br>ORDER AND ORDER TO SHOW CAUSE |

Defendants Michael Williams and Sky Road Webb removed this action from the Yolo County Superior Court. ECF No. 1. Plaintiff has moved to remand the case back to state court and noticed its motion for hearing on December 11, 2019. ECF No. 8. Court records reflect that defendants have not filed an opposition or statement of non-opposition to the motion.[1]

Local Rule 230(c) provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by default, or other appropriate sanctions. Local Rule 110 provides that failure to comply with the

---

[1] Defendant Webb did file a document styled as "Exhibits Supporting Mandatory Judicial Notice." ECF No. 10. But Webb's filing is not responsive to any of the arguments raised in plaintiff's motion.

1

Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, it is hereby ORDERED that:

1. The hearing on plaintiff's motion to remand (ECF No. 8) is continued to January 15, 2020 at 10:00 a.m. in Courtroom No. 8.

2. Defendants shall show cause, in writing, no later than December 26, 2019, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to plaintiff's motion.

3. Defendants shall file an opposition to plaintiff's motion, or a statement of non-opposition thereto, no later than December 26, 2019.

4. Failure to file an opposition to the motion will be deemed a statement of non-opposition thereto, and may result in a recommendation that plaintiff's motion be granted.

5. Plaintiff may file a reply to defendants' opposition(s), if any, on or before January 8, 2020.

6. Plaintiff's request to appear by telephone at the December 11, 2019 hearing (ECF No. 13) is denied as moot.

DATED: December 10, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE