UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D-Q UNIVERSITY BOARD OF TRUSTEES,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL A. WILLIAMS, et al.,<br><br>Defendants. | No. 2:19-cv-2177-JAM-EFB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Several motions are pending in this action, which are addressed herein[1]:

1. Plaintiff's motion to remand the case to the California Superior Court for the County of Yolo (ECF Nos. 5 & 8-1);

2. Plaintiff's motion to dismiss defendant Sky Road Webb's petition for declaratory judgment pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (ECF Nos. 6 & 8-4);

3. Defendant Webb's petition for declaratory judgment (ECF No. 19);

4. Plaintiff's motion to strike and/or dismiss Webb's petition for declaratory judgment (ECF No. 20);

---

[1] This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

5. Defendant Michael Williams' "Motion for Order to Remove Trustees and Appointment of Successors" (ECF Nos. 28 & 30);

6. Also pending is the court's December 10, 2019 order directing defendant Williams to show cause why sanctions should not be imposed for failure to timely respond to plaintiff's motion to remand (ECF No. 14).

For the following reasons, the order to show cause is discharged and it is recommended plaintiff's motion to remand be granted.[2]  In light of that recommendation, the court declines to reach the merits of the remaining pending motions.

I.   Order to Show Cause

This action, which was originally commenced in the Yolo County Superior Court, was removed to this court on October 28, 2019. ECF No. 1.  Three days after the removal, plaintiff filed its motion to remand. ECF No. 5.  The motion was improperly noticed before the assigned district judge.  *See* E.D. Cal. L.R. 302(c)(21).  After the court vacated the hearing (ECF No. 7), plaintiff re-noticed the motion for hearing on December 11, 2019, before the undersigned. ECF No. 8.  In violation of Local Rule 230(c), defendant Williams failed to file an opposition or statement of non-opposition.[3]  Accordingly, the hearing was continued, and Williams was ordered to show cause why sanctions should not be imposed for his failure to timely respond to plaintiff's motions. ECF No. 14.

Williams has not filed a response to that order.  Nevertheless, in light of the recommendation that this case be remanded, and given that Williams is proceeding without counsel, the order to show cause is discharged, and no sanctions are imposed.

---

[2]   The court determined that oral argument would not materially assist in resolution of plaintiff's motions.  Accordingly, they were submitted without argument pursuant to Eastern District of California Local Rule 230(g).

[3]   In response to plaintiff's motion, defendant Webb filed a document styled as "EXHIBITS SUPPORTING MANDATORY JUDICIAL NOTICE."  ECF No. 10.  The filing consists of numerous documents appearing to support Webb's contention that he is entitled to use the property at issue.  *Id.*  While not directly addressing the plaintiff's motion to remand, the court construes the document as an opposition to plaintiff's motion.

II.     Motion to Remand

     A.     Background

Plaintiff, D-Q University Board of Trustees ("Board" or "plaintiff"), filed this action in the Yolo County Superior Court. Decl. of Joseph Saulque ISO Mot. to Remand (ECF No. 5-2) ¶ 15. According to the first amended complaint, the operative complaint herein, plaintiff is the Board that oversees D-Q University, a private Native American University located in Yolo County, California. Compl. (ECF No. 1 at 4-10) ¶ 1. The university was established in early 1971, but it lost its accreditation in 2005. *Id*. Since losing its accreditation, plaintiff has managed the D-Q University property, which is located on federally owned land in Yolo County, California (the "subject property").[4] *Id*. ¶ 2. The Board consists of members of federally recognized Tribes who are authorized by their tribal governments to participate in the support of and revitalization of D-Q University. *Id*. ¶ 3.

The Board was granted corporate status for "D-Q University" by the California Secretary of State in November 1970. *Id*. ¶ 4. Its corporate status was in good standing until 2017, at which time it was suspended by the California Secretary of State.[5] *Id*. ¶ 5. In July 2019, while the corporation's status was suspended, defendant Mike Williams and other DOE defendants applied for, and were subsequently granted, a corporate charter under the name "D-Q University." *Id*. ¶ 6. Williams also incorporated the name "Deganawidah-Quetzalcoatl University." *Id*. Since that time, Williams and DOE defendants have held themselves out as the "true" D-Q University Board of Directors and have held events on the subject property. *Id*. ¶¶ 7-8. The defendants have refused to vacate the subject property despite plaintiff's requests that they do so. *Id*. ¶ 8.

---

[4] In his declaration, Joseph Saulque, the Chairman of the Board of Trustees of D-Q University, states that "[t]he lands upon which D-Q University sit in Yolo County, California are not Indian lands pursuant to 25 C.F.R §151, *et seq*. However, the lands are federal lands owned by the Secretary of the Department of Education and General Services Administration. The lands were assigned by the agencies to the D-Q University Board of Trustees in 1970, which was assigned as the 'trustee' over the lands by the United States Secretary for the Department of Education." ECF No. 5-2 ¶ 2.

[5] The corporation was suspended for failure to file its annual tax return and pay required fees. Decl. of Joseph Saulque ISO Mot. to Remand (ECF No. 5-2) ¶ 5.

3

The first amended complaint alleges state law claims for (1) declaratory judgment and (2) trespass. *Id*. at 9. Plaintiff's first claim requests "a declaratory judgment recognizing Plaintiffs [sic] as the true D-Q University Board of Directors." *Id*. ¶ 35. With respect to its trespass claim, plaintiff alleges that it controls the property via a deed from the United States Secretary of Education that designates plaintiff as the Trustees of the subject property as designated by the United States Secretary of Education. *Id*. ¶ 23. Plaintiff claims that Williams and DOE defendants have refused to vacate the subject property, and plaintiff requests an order of ejectment of these defendants. *Id*. 9-10.

On October 28, 2019, defendants William and Webb removed the case to this court. ECF No. 1. The Notice of Removal states that this court has jurisdiction pursuant to 28 U.S.C. § 1331 because the action "arises under 25 U.S.C. Code [sic] § 1322(b) . . . ." *Id*. at 1. Plaintiff moves to remand the case back to state court, arguing that this court lacks subject matter jurisdiction and that the removal was untimely. ECF No. 5.

B.   Relevant Legal Standards

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). Diversity jurisdiction requires diverse citizenship of all parties and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). "A defendant . . . desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rule of Civil Procedure and containing a short and plain statement of the grounds for

removal, together with a copy of all process, pleadings, and orders served upon such defendant" in the state action. 28 U.S.C. § 1446(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

C.  Discussion

As noted, plaintiff argues that the case must be remanded both because the removal was untimely, and the court lacks subject matter jurisdiction. ECF Nos. 5 & 8-1. The court concludes that the removal was untimely and must be remanded on this basis alone. Accordingly, it declines to reach plaintiff's subject matter jurisdictional argument.[6]

A defendant is required to file the notice of removal within 30 days after receipt "of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The thirty-day period is triggered upon completion of formal service of process on the defendant in accordance with state law. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Where the removing defendant fails to satisfy the procedural requirements of § 1446(b), a plaintiff may seek remand through a timely motion. A

---

[6] The parties' arguments regarding subject matter jurisdiction are poorly briefed. Plaintiff contends that jurisdiction is absent because it only asserts state law claims. ECF No. 5 & 8-1. But plaintiff fails to acknowledge that its trespass claim seeks defendants' ejectment from land allegedly held by the United States in trust for plaintiff's benefit. FAC ¶ 2 ("The land upon which D-Q University sits is in trust with the United States."); *see Round Valley Indian Housing Authority v. Hunter*, 907 F. Supp. 1343, 1348 (N.D. Cal. 1995) ("An action involving an Indian tribe's—as opposed to an individual tribe member's—possessory rights of trust land would, unquestionably, create a question of federal common law.) (citing *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 677 (1974)). Defendant Webb appears to contend that remand is inappropriate, arguing that the state court lacks jurisdiction because defendants are entitled to tribal immunity. ECF No. 19 at 4; *but see Bodi v. Shingle Springs Band of Miwok Indians*, 832 F.3d 1011, 1023 n.16 (9th Cir. 2016) ("A tribal immunity defense does not provide an independent basis for federal jurisdiction."); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1401-02 (9th Cir. 1988) ([I]t is the state courts, not the federal courts, that must decide in the first instance whether the states have jurisdiction over a given case."). Thus, neither parties' position appears to be supported by relevant authority. Nevertheless, because removal was untimely, the court need not address the parties' arguments concerning subject matter jurisdiction.

motion to remand based on any defect other than subject matter jurisdiction must be brought within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). Here, plaintiff's motion to remand was filed three days after the removal.

The notice of removal does not specify when defendants Webb and Williams-the only defendants to have appeared in this action—were served. However, the documents included with the notice demonstrate that prior to removal, Michael Williams filed a cross-complaint on August 20, 2019 (ECF No. 1 at 32-36) and defendant Webb filed a document entitled "Declaration in Opposition to Plaintiff's Opening Brief" on August 30, 2019 (ECF No. 1 at 39-53). Thus, it is clear that these defendants were served by no later than August 30, 2019. The notice of removal, however, was not filed until October 28, 2019, more than 30 days after they were served. Because the notice of removal was untimely, the case must be remanded to state court.

III.     Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. The case be REMANDED to the Superior Court of the State of California in and for the County of San Joaquin; and

2. The court decline to reach the merits of the remaining pending motions.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 14, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE